IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RAQUEL DEL VALLE-SANTANA,<br><br>Plaintiff,<br><br>v.<br><br>SERVICIOS LEGALES DE P.R., INC., ET AL.,<br><br>Defendants. | CIV. NO.: 12-1506(SCC) |

## MEMORANDUM AND ORDER

Plaintiff Raquel Del Valle-Santana was a longtime employee of Defendant Servicios Legales de Puerto Rico, Inc., a provider of free legal services to indigent persons in Puerto Rico. In 2012 Del Valle was fired, and she subsequently filed this suit for age discrimination. Now, Defendants have filed a motion for summary judgment, Docket No. 27, which I grant for the reasons stated below.

### I.  Factual Background

Defendant Servicios Legales de Puerto Rico ("Servicios

Legales") is a non-profit provider of legal services to indigent persons in Puerto Rico. Docket No. 28, ¶ 1; Docket No. 36, ¶ I.1. Defendant Charles S. Hey-Maestre has been the executive director of Servicios Legales since 2006. Docket No. 28, ¶ 2; Docket No. 36, ¶ I.2. Servicios Legales is governed by a 25-member board of directors; while Hey attends the board's meetings, he does not have any voting power. Docket No. 28, ¶ 3; Docket No. 36, ¶ I.3. In addition to a main office in San Juan, Servicios Legales maintains seventeen offices throughout Puerto Rico. Docket No. 28, ¶ 4; Docket No. 36, ¶ I.4. Servicios Legales is funded principally by an annual grant from the Legal Services Corporation, which is in turn funded by Congress. Docket No. 28, ¶ 6; Docket No. 36, ¶ I.6.

In 2011, Congress without warning made significant cuts to the Legal Service Corporation's budget, effective January 1, 2012. Docket No. 28, ¶ 7; Docket No. 36, ¶ I.7. The result of this cut on Servicios Legales was significant: its operational budget for 2012 declined by about $2.7 million dollars, or 15%. Docket No. 28, ¶ 8; Docket No. 36, ¶ I.8. In a series of emergency meetings during the end of 2011, Hey and the board of directors tried to figure out how they would solve the coming budget crisis. Docket No. 28, ¶ 9; Docket No. 36, ¶ I.9. To-

gether, they decided that they could not close any of the local offices. Docket No. 28, ¶ 9; Docket No. 36, ¶ I.9. Instead, the board of directors chose to implement a reduction in force. Docket No. 28, ¶ 10; Docket No. 36, ¶ I.10. As a result of this reduction in force, ten employees were laid off, including Del Valle. Docket No. 28, ¶ 11; Docket No. 36, ¶ I.11. According to Defendants, most of these people occupied unique positions in the organization, a point which Del Valle disputes, at least with regard to her own position. Docket No. 28, ¶ 11; Docket No. 36, ¶ I.11. The ages of the employees terminated ranged from 28 to 76. Docket No. 28, ¶ 12.[1]

At the time she was laid off, Del Valle was the Director of the Appeals Unit, Docket No. 28, ¶ 13,[2] a position she had

---

**1.** Del Valle purports to deny this fact, but she does so only by stating that she "was terminated due to her age." In violation of the local rules, Del Valle fails to support that claim with a citation to the record, and so her denial fails. In fact, though, I am giving her the benefit of the doubt here. Defendants propose that age was generally not considered in firing employees, a point which Del Valle fails to properly deny. But because I do not believe this case should be decided on the basis of Del Valle's procedural error, I will liberally construe her filings as denying that fact as to herself, and I will proceed to analyze her claim on the merits.

**2.** Del Valle purports to deny the facts included in this paragraph, but she does so in violation of the local rules by failing to cite any record

occupied since 2009, when Hey appointed her to it, Docket No. 28, ¶ 15; Docket No. 36, ¶ I.15. The Appeals Unit was created in 2007 and was made up of a director—Del Valle—and a secretary. Docket No. 28, ¶ 13. In the 2012 reduction in force, the division was shuttered completely; Del Valle's position as Director of the Appeals Unit was eliminated, and no one was appointed to replace her. *Id.*

Prior to being Director of the Appeals Unit, Del Valle had been the Assistant Managing Attorney of the Carolina office, where Hey had placed her after a one-year period of voluntary leave. Docket No. 28, ¶ 16; Docket No. 36, ¶ I.16. That leave of absence had originally been approved only for six months, but Hey approved a discretionary six-month extension in March 2008. Docket No. 28, ¶ 18; Docket No. 36, ¶ I.18. Prior to taking her leave of absence, Del Valle had been the Managing Attorney of the Bayamón office. Docket No. 28, ¶ 19; Docket No. 36, ¶ I.19. When her leave of absence ended, Del Valle became an Assistant Managing Attorney rather than a Managing Attorney because all of the latter positions were then occupied. Docket No. 28, ¶ 20; Docket No. 36, ¶ I.20. While holding the Assistant

evidence in support of her denial. As such, the facts included are deemed admitted.

Managing Attorney position, however, Del Valle covered the Managing Attorney position in other offices when the Managing Attorneys were on vacation. Docket No. 36, ¶ II.2.

When Del Valle took the job as Director of the Appeals Unit, it was described by Hey as a "lateral" move, meaning that she would maintain the same pay and benefits she previously had. *Id.* ¶ II.3. Furthermore, she continued to manage other offices when their assigned managers were not present. *Id.*[3]

Hey has never referred to Del Valle or any other employee as being part of a "Medicare group." Docket No. 28, ¶ 22.[4]

## II.  Analysis

---

**3.** Del Valle proposes a fact based on the minutes of the board of director's December 16, 2011, minute, in which she alleges that the board asked whether Del Valle could be moved to a position managing another office, and Hey allegedly responded that she could not be because her role was unique. *See* Docket No. 36, ¶ II.8. However, Del Valle failed to submit a translation of the Spanish-language minutes of that meeting, and so they cannot be used in support of the fact. The fact must therefore be deemed rejected.

**4.** Del Valle purports to deny this fact, but the entirety of her denial is: "It is denied." The denial is not accompanied by any record citations, nor does her own statement of uncontested facts state that Hey *did* call her part of a "Medicare group." As such, the fact that Hey never made such a claim must be deemed admitted.

Federal jurisdiction in this case is premised on the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 623. The ADEA borrows Title VII's framework of proof. *See Velez v. Thermo King de P.R., Inc.*, 585 F.3d 441, 446–47 (1st Cir. 2009). As such, Del Valle, who lacks any "smoking gun" evidence, may prove her case "using the three state burden-shifting framework set forth by the Supreme Court in *McDonnell Douglas v. Green*." *Id.* (citing 411 U.S. 792 (1973)). Because this is a reduction-in-force case, this requires that she first make a prima facie showing that she (1) was more than 40 years old when she was fired, (2) was qualified for the position she held, (3) was fired, (4) "that the employer, in the course of downsizing, did not treat age neutrally." *Suarez v. Pueblo Int'l, Inc.*, 229 F.3d 49, 53 & n.4 (1st Cir. 2000). If Del Valle makes her prima facie case, the burden shifts to Defendants to "articulate a legitimate, non-discriminatory reason" for firing her. *Arroyo-Audifred v. Verizon Wireless, Inc.*, 527 F.3d 215, 219 (1st Cir. 2008). And if such a reason is articulated, the framework no longer matters; "the sole remaining issue [is] discrimination *vel non*." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 510 (1993) (internal quotations and citations omitted). That is, Del Valle must show pretext. Moreover, she must show that age was the

"'but-for' cause of the employer's adverse action." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).[5]

Here, I will assume that Del Valle has made out her prima facie case and proceed to discuss the ultimate issue: pretext and discrimination.[6] According to Defendants, Del Valle was fired because of reduction in force necessitated by a serious budget shortfall. Rather than eliminate direct-services offices, Servicios Legales chose to eliminate various positions, including Del Valle's. Indeed, Servicios Legales eliminated Del Valle's unit altogether. Del Valle has produced *nothing* to demonstrate that this is pretext. It is established for the purposes of this motion

---

**5.** This is a harder burden than exists under Title VII, where the plaintiff need only show that discrimination was a "motivating factor" in the adverse employment decision. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 n.3 (2009).

**6.** Defendants suggest that Del Valle cannot make her prima facie case because she held a unique position within the organization; thus, she cannot show that "younger persons were retained in the same position," *Holt v. Gamewell Corp.*, 797 F.2d 36, 37–38 (1st Cir. 1986), dooming her claim. But the cases that have used that language have used it disjunctively; they *also* permit plaintiffs to satisfy that prong of the test by showing that during a reduction in force the "employer did not treat age neutrally." *Id.* Nothing that Defendants cite suggests that the elimination of a unique position during a reduction in force can never be a violation of the ADEA, and so I will not follow such a rule.

that Hey never made any discriminatory comments about older employees. Furthermore, the individuals fired alongside Del Valle were both inside and outside the age-protected class. All that she can point to, then, is the fact that some younger, less senior managers—of direct-service offices, notably—were not fired while she was. And even then, Del Valle fails to provide the ages of the other fired employees or the ages of those allegedly less senior managers who were not fired. *Cf. Connell v. Bank of Boston*, 924 F.2d 1169, 1178 (1st Cir. 1991) (holding that where a plaintiff lacked smoking gun evidence and failed to show that older employers were mistreated at a statistically significant rate, summary judgment was proper). To survive summary judgment, Del Valle must present evidence "sufficient for a factfinder reasonably to infer that [Defendants'] actions were motivated by age animus." *Id.* at 1177. She has failed to meet this burden.

Accordingly, the motion for summary judgment must be GRANTED and her ADEA claim must be DISMISSED WITH PREJUDICE. Furthermore, because the ADEA claim formed the sole basis for federal jurisdiction in this case, Del Valle's supplemental state-law claims will be DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Judgment shall be entered accordingly.

In San Juan, Puerto Rico, this 25th day of August, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE